IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE L. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−0916−MJR |
| ) | |
| MACON COUNTY COURT, ) | |
| MACON COUNTY PROBATION ) | |
| OFFICE, and ) | |
| JOHN DOE PROBATION OFFICER ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Steve L. Cooper, an inmate in Taylorville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff originally filed this suit on August 15, 2016, but his Complaint failed to request any relief. (Doc. 1). On September 30, 2016, the Court ordered Plaintiff to submit an amended complaint including a request for relief. (Doc. 9). In lieu of filing a proper amended complaint, Plaintiff merely submitted a single page requesting the relief of habeas corpus and $50,000.00. (Doc. 10). Although docketed as the "First Amended Complaint," the document does not contain any of the claims at issue in this litigation. Although normally the Court would strike the First Amended Complaint as an improper filing for not including a statement of Plaintiff's claims, in this case, for reasons of judicial economy, the Court will permit Plaintiff to amend his Complaint by

interlineation. The Clerk of Court is **DIRECTED** to add the Complaint (Doc. 1) to the First Amended Complaint, and the Court will construe them together. (Doc. 10).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff alleges that his Fourteenth Amendment Due Process rights were violated when he was held as a probation violator. (Doc. 1, p. 5). Plaintiff was on probation for domestic with a prior that he was sentenced to in January 2013. (Doc. 1, p. 5). However, he alleges that he was violated under the terms of his probation for an aggravated domestic assault that he was sentenced to in 2012, the terms of which had expired. (Doc. 1, p. 5). Judge Lisa Holder gave him an additional two years' probation for the violation. (Doc. 1, p. 5).

## Discussion

Plaintiff's Complaint must be dismissed without prejudice. First, although Plaintiff has named the Macon County Court, the Macon County probation office, and an unknown John Doe probation officer as Defendants, he had not actually made any allegations against them. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they

can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Macon County Court, Macon County Probation Office and the unknown probation officer elsewhere in his Amended Complaint, he has not adequately stated claims against these individuals/entities, or put them on notice of any claims that Plaintiff may have against them. The Defendants must be dismissed without prejudice for that reason.

Additionally, Plaintiff has also indicated to the Court that he seeks habeas relief.[1] Plaintiff cannot request habeas relief via § 1983. *Drollinger v. Milligan*, 552 F.2d 1220,

---

[1] The Court notes that Plaintiff is required by statute to exhaust his state court remedies prior to brining a habeas suit, which Plaintiff has affirmatively stated that he has not done. It is probable that any habeas claim that Plaintiff could bring would currently be barred by his failure to exhaust his state court remedies, although the Court does not decide this issue at this time.

1224-1225 (7th Cir. 1977). This is because a probationer is "in custody" by the terms of the federal habeas corpus statute, 28 U.S.C. § 2241(c). *Id.* at 1224 (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). To the extent that Plaintiff's Amended Complaint contains claims cognizable under the habeas statute, those claims are dismissed from this suit with prejudice. Plaintiff must re-file those claims in a separate action.

The Court notes, although it does not decide on these grounds, that because Plaintiff has not brought his habeas claims forward, his claims for damages are likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997) (finding § 1983 claim based on an improper parole violator warrant was barred by *Heck*). *Heck's* favorable termination rule limits plaintiffs from bringing § 1983 claims if the claim calls into question the validity of a plaintiff's custody. Here, Plaintiff has alleged that his probation was unconstitutionally revoked. But his Amended Complaint also states that Plaintiff has not pursued any remedies other than this suit. If Plaintiff alleges that the revocation is invalid, he must first pursue remedies designed to overturn the incarceration or conviction. As he has not done that here, his suit is likely barred by *Heck* in its entirety.

## Pending Motions

Plaintiff's Motion for Service of Process at Government Expense is **DENIED**, as Plaintiff has not stated claims upon which relief could be granted at this time, and therefore there is not a valid Complaint to serve on Defendants. (Doc. 3).

Plaintiff's Motion for Appointment of Counsel is also **DENIED**. (Doc. 2). As a litigant in a civil case, Plaintiff has no right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, this Court has discretion to recruit counsel to represent indigent plaintiffs in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Determining whether to appoint counsel is a two-step inquiry. *Pruitt*, 503 F.3d at 655. The threshold is whether the indigent plaintiff has made a reasonable attempt to obtain counsel. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Only if the threshold has been met will the Court consider the second prong, whether the plaintiff appears competent to litigate the case given its difficulty. *Pruitt*, 503 F.3d at 655.

Here Plaintiff's Motion for Counsel states that he has been unable to find counsel because he is incarcerated. The implication is that Plaintiff has made no effort to recruit counsel. Plaintiff's incarceration does not prevent him from writing to attorneys, and many prisoners have sought counsel in this way. As Plaintiff has not made his threshold showing, the Court declines to appoint counsel at this time. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the names and address of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff's Motion for Counsel is **DENIED.** (Doc. 2).

## Disposition

The Clerk of Court is **DIRECTED** to add the Complaint (Doc. 1) to the First Amended Complaint. (Doc. 10).

Plaintiff's claims seeking relief pursuant to the habeas corpus statutes is **DISMISSED with prejudice** to Plaintiff pursuing those claims in a § 1983 action. Plaintiff may file another suit under the habeas statutes.

Plaintiff's claims seeking relief pursuant to § 1983 are **DISMISSED without prejudice**, as Plaintiff has not included claims against the named defendants in his statement of claim. The Court notes that Plaintiff's claims may be barred by the *Heck* doctrine if he has not pursued habeas relief prior to pursuing a claim for damages.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, associating specific Defendants with specific factual allegations within 28 days of the entry of this order (on or before December 12, 2016). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an Amended Complaint shall result in the dismissal of this

action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: November 14, 2016**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**