IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVE L. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−0916−MJR |
| ) | |
| MACON COUNTY COURT, ) | |
| MACON COUNTY PROBATION ) | |
| OFFICE, and ) | |
| MACON COUNTY PUBLIC ) | |
| DEFENDER'S OFFICE ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Steve L. Cooper, an inmate in Taylorville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff originally filed this suit on August 15, 2016, but his Complaint failed to request any relief. (Doc. 1). On September 30, 2016, the Court ordered Plaintiff to submit an amended complaint including a request for relief. (Doc. 9). In lieu of filing a proper amended complaint, Plaintiff merely submitted a single page requesting the relief of habeas corpus and $50,000.00. (Doc. 10). The Court construed this document together with the original Complaint and screened it pursuant to § 1915A on November 14, 2016. (Doc. 11). At that time, the Court determined that Plaintiff had failed to state a claim because he had not associated any claims with any defendants. (Doc. 11). The Court granted Plaintiff leave to amend, and Plaintiff filed the First Amended Complaint on December 9, 2016. (Doc. 12).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The First Amended Complaint

Plaintiff alleges that on January 4, 2013, Judge Lisa Holder White sentenced him to 2 years' probation in Macon County Circuit Court for a domestic with a prior. (Doc. 12, p. 5). At

2

that time, Judge White allegedly also terminated the term of probation that was currently serving for aggravated domestic assault in case No. 12-cf-422. *Id.*

On January 13, 2015, Judge Griffith sentenced Plaintiff to his current term of imprisonment for violating his probation in Case No. 12-cf-422, the aggravated domestic assault case. (Doc. 12, p. 5; Doc. 12-1, p. 1). Plaintiff alleges that he was not on probation for the charge, but rather for a domestic with a prior, and therefore his sentence was wrongful. (Doc.12, p. 5).

Plaintiff has listed Macon County Court, Macon County Probation Office, and Macon County Public Defender's Office as Defendants. (Doc. 1, p. 12). Thomas Wheeler was Plaintiff's public defender who secured the two terms of probation. (Doc. 12-1, p. 1). Dennis Steeves of Patel Law P.C. represented Plaintiff at 2015 sentencing. (Doc. 12-1, p.1 ).

The Court has reviewed the record sheet for Case No. 12-cf-422 on Macon County's website, and takes judicial notice of the following facts. On July 3, 2012, Plaintiff pleaded guilty to aggravated domestic battery, and was sentenced to 24 months on probation. Record Sheet. http://search.co.macon.il.us/cgi-bin/db2www/qsys.lib/wwwcgi.lib/macros.file/macon.mbr/output?Action=RS&Year=2012&CaseType=CF&CaseSeq=000422&LitType=D &LitNum=001 (last accessed January 19, 2017). On November 16, 2012, the state filed a Petition alleging that Plaintiff had violated his probation. *Id.* On January 4, 2013, Judge White terminated Plaintiff's probation as unsuccessfully completed, and re-sentenced him to an additional 24 months of probation on a charge of aggravated domestic battery. *Id*. Plaintiff was again charged with violating his probation on December 10, 2013. *Id.* On January 13, 2015, Plaintiff was sentenced to five years'

incarceration in the Illinois Department of Corrections, followed by 4 years of supervised release on a charge of aggravated domestic battery. *Id.*

## Discussion

The Court will dismiss Plaintiff's First Amended Complaint with prejudice at this time. Plaintiff's First Amended Complaint suffers from the same infirmities as the original, but reading it broadly with Plaintiff's cover letter makes it clear that Plaintiff is attempting to name defendants that are immune from suit and that his claim is frivolous.

As an initial matter, the Court's prior order dismissed Plaintiff's claim for habeas relief with prejudice. That is, the Court noted that § 1983 does not allow a plaintiff to request release as his remedy. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Lumbert v. Finley*, 735 F.2d 239, 242 (7th Cir. 1984). Plaintiff has once again requested that relief. If Plaintiff wishes to challenge the Court's decision that § 1983 does not support a habeas claim, the proper step is to file an appeal, not to file an amended complaint repeating the claim. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The Court notes that Plaintiff has actually filed a separate habeas case, No. 16-1367. That is the proper vehicle for Plaintiff to make any claims that he should be released. A case pursuant to § 1983 is the proper way for Plaintiff to request an award of money, as he has done here. To recap, the Court will consider Plaintiff's request for money damages in this suit, but his request for release must be considered separately in case No. 16-1367.

Plaintiff also once again makes the same mistake he made in his first Complaint. That is, he has listed three defendants in the case caption: Macon County Court, Macon County Probation Office, and Macon County Public Defender's Office. But his statement of claim does

4

not mention a single one of the defendants listed in the case caption. Plaintiff must state what the defendants listed in the case caption actually did in his statement of claims. As discussed more fully in the Court's prior Order, failure to associate specific claims against specific defendants dooms the suit as to that defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff has been previously warned about this error and not corrected it. That alone would justify dismissing this suit with prejudice as to all defendants. But as Plaintiff is proceeding pro-se and because he mentions some individuals in his statement of claim that arguably may be part of at least some of the groups listed in the case caption, the Court will continue with screening.

Based on the allegations of the First Amended Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. All of Plaintiff's claims will be dismissed.

>  **Count 1 –** Judge Griffith violated Plaintiff's due process rights when he sentenced him to a term of imprisonment after Plaintiff violated his probation;
>
>  **Count 2 –** Dennis Steeves ineffectively represented Plaintiff at his sentencing hearing.

As to **Count 1**, the judge has absolute immunity for sentencing decisions. "A judge has absolute immunity from damages liability for acts performed in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Dellenbach v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989). Immunity applies, even if the judge acted in error or with malice or exceeded his authority. *Stump*, 435 U.S. at 356-57. A judge is entitled to absolute immunity where 1) the acts are within the judge's jurisdiction and; 2) the acts are performed within the judge's official

capacity.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990).  Even if Plaintiff had listed Judge Griffith in his case caption as the member of the Macon County Court he was intending to sue, Plaintiff's Complaint makes no allegations that Judge Griffith was acting without jurisdiction or outside of his official capacity.  Judge Griffith is entitled to absolute immunity, and there is no suit that Plaintiff could bring against him based on his sentencing decisions.

**Count 2** fails because Plaintiff has not named a state actor.  Plaintiff was represented by the public defender's office at various times during his state court proceedings and it is not clear whether he draws a distinction between the public defender's office and Steeves, a private attorney who represented him at his 2015 sentencing.  The Court cannot find a record that Thomas Wheeler ever appeared for Plaintiff in the underlying state court case, as Plaintiff alleges.  But neither Wheeler nor Steeves nor any other member of the public defender's office can be sued under § 1983 in any event.  When a plaintiff brings a § 1983 claim, he must show that there was 1) an action taken under color of law; 2) which violates his federal constitutional rights.  *Cunningham v. Southlake Ctr. for Mental Health*, 924 F.2d 106, 107 (7th Cir. 1991).  Public defenders do not act under "color of law."  *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Logan v. Laterzo*, 24 F. App'x 579, 581 (7th Cir. 2001).  They cannot be sued under § 1983 unless a plaintiff alleges and ultimately proves that they conspired with state actors.  *Tower v. Glover*, 467 U.S. 914, 923-23; *Logan*, 24 F. App'x at 582.  The same holds true for private attorneys; they are not state actors.  *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975).  Plaintiff has not alleged that Steeves, Wheeler, or anyone else from the public defender's office conspired with a state actor.  None of the attorneys that represented Plaintiff in his state court

6

proceedings can be said to have acted "under color of state law" under § 1983. They are immune from suit under § 1983. Plaintiff's **Count 2** also must be dismissed with prejudice.

Plaintiff's claim is also based on a false distinction. Plaintiff alleges that he was originally sentenced to two different terms of probation on two different charges, and that when he was sentenced to his term of imprisonment, it was for violating a term of probation that had already expired. But the Court's review of the state court docket shows that Plaintiff's second term of probation was imposed *because he violated the first term*. His term of imprisonment was imposed because he violated the second term of probation. He never completed either term of probation successfully, and further punishment was imposed as a result. Plaintiff does not deny that he violated the terms of his probation; he only argues that the imposition of prison time was a mistake because the court looked at the wrong baseline offense. That is not what happened here. Plaintiff recently filed a document, which the Court construed as a Motion to Amend, alleging that the events here put him in double jeopardy. While the Court will deny the Motion to Amend as discussed below, the Court emphasizes that sentencing a defendant to further punishment because they did not comply with the terms of their probation is not double jeopardy. *Diehl v. McCash*, 352 F. App'x 99, 100 (7th Cir. 2009) (finding that where probation is part of the original sentence, changes to probationary status are construed as modifying the terms of the original sentence, not double jeopardy). After reviewing the state court docket, the Court finds nothing that would justify any kind of constitutional claim or relief.

### Pending Motions

On January 19, 2017, Plaintiff filed a document captioned "request for relief," which the Court docketed as a Motion for leave to amend. The Court previously allowed Plaintiff to amend his original complaint in this manner because Plaintiff had not included a request for

relief with his original Complaint. That was a departure from this Court's local rules and an exercise of the Court's discretion. The Court will not permit Plaintiff to continue to depart from the local rules a second time. Plaintiff may not amend his Second Amended Complaint by filing piecemeal amendments. (Doc. 15). The local rules require any plaintiff seeking to amend his complaint to submit a proposed amended complaint with any changes from the prior complaint underlined. SDLR 15.1. Plaintiff has not done that here. Additionally, the First Amended Complaint contains a request for relief that is identical to the one presented here, likely making this amendment moot. The Motion to Amend is **DENIED**. (Doc. 15).

As the Court will be dismissing this case with prejudice, Plaintiff's Motion for Counsel is **DENIED** as **MOOT**. (Doc. 13).

## Disposition

As Plaintiff has attempted to bring suit against defendants who are immune and because his claims are frivolous, this action is **DISMISSED with prejudice.** Plaintiff's Motion to Amend the Complaint is **DENIED**. (Doc. 15). Plaintiff's Motion for Counsel is **DENIED as MOOT**. (Doc. 13). Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: 1/23/2017**

s/ MICHAEL J. REAGAN
**U.S. District Judge**